# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 24-cv-_____

TOMAS CABALLERO and KEVIN AGUILAR VARGAS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

LOS COMPADRES LIQUOR STORE, INC., a Colorado corporation,
LOS COMPADRES LIQUOR STORE LLC, a Colorado limited liability company,
LOS COMPADRES LIQUOR STORE 2 LLC, a Colorado limited liability company,
LOS COMPADRES LIQUOR #2 LLC, a Colorado limited liability company,
LOS COMPADRES SMOKE SHOP LLC, a Colorado limited liability company,
SPEEDY'S SMOKE SHOP #2 LLC, a Colorado limited liability company,
SPEEDY'S SMOKE SHOP 3 LLC, a Colorado limited liability company, and
CARMEN GARCIA, individually,

    Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs Tomas Caballero and Kevin Aguilar Vargas ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC, complain as follows:

### NATURE OF THE ACTION

1.  This action is brought on behalf of all store clerks and/or retail associates ("Associates") holding comparable positions with different titles employed by Los Compadres Liquor Store, Inc.; Los Compadres Liquor Store, LLC; Los Compadres Liquor Store 2 LLC; Los Compadres Liquor #2 LLC; Los Compadres Smoke Shop LLC; Speedy's Smoke Shop #2 LLC; Speedy's Smoke Shop 3 LLC (collectively "Los Compadres"); and Carmen Garcia ("Defendant

Garcia") (Los Compadres and Defendant Garcia are referred to collectively as "Defendants") in Colorado during the last three (3) years, plus any period of tolling, and who were not properly paid overtime compensation.

2. This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"). Plaintiffs allege that Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Associates required overtime compensation.

3. This case is also brought as a class action under Fed. R. Civ. P. 23 pursuant to the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR § 1103-1, and the Colorado Wage Act ("CWA"), C.R.S. § 8-4-101. Plaintiffs allege that Defendants violated the COMPS Order by failing to pay Associates overtime compensation at applicable rates as required by law. Plaintiffs allege that Defendants violated the CWA by failing to pay all earned overtime wages.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs allege claims under the FLSA.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6. The Los Compadres Defendants are subject to personal jurisdiction in Colorado because these business entities are incorporated or registered in Colorado, are domiciled in Colorado, have availed themselves of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendants' activities in Colorado.

7. Defendant Garcia is likewise subject to personal jurisdiction in Colorado because she owned, operated, and managed the Los Compadres business entities which are domiciled in Colorado, is herself domiciled in Colorado, availed herself of the privilege of conducting substantial business in Colorado, and certain of the acts and omissions alleged herein arise out of Defendant Garcia's activities in Colorado.

8. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## **THE PARTIES**

9. Plaintiffs are, and were at all times relevant to this action, adult individuals domiciled in Colorado Springs, Colorado.

10. Defendants Los Compadres Liquor Store, Inc.; Los Compadres Liquor Store LLC; and Los Compadres Smoke Shop LLC, a Colorado corporation and limited liability companies, respectively, maintain their principal places of business at 3960 Airport Road, Colorado Springs, CO 80910.

11. Los Compadres Liquor Store 2 LLC and Los Compadres Liquor Store #2 LLC are Colorado limited liability companies with their principal places of business at 640 Peterson Road, Colorado Springs, CO 80915.

12. Speedy's Smoke Shop #2 LLC is a Colorado limited liability company with its principal place of business at 425 N Murray Boulevard, Colorado Springs, CO 80916.

13. Speedy's Smoke Shop 3 LLC is a Colorado limited liability company with its principal place of business at 2929 Galley Road, Colorado Springs, CO 80909.

14. Upon information and belief, Defendant Garcia resides in Colorado Springs, CO.

15. Defendant Garcia is the owner and manager of Los Compadres, a role in which she oversees all of Los Compadres' operations including business strategy and daily management, inventory, staffing, compliance, and budgeting. She is responsible for related executive functions. Defendant Garcia was and is vested with the authority to carry out the wage and hour policies of Los Compadres.

16. Defendants are primarily in the business of operating a small chain of convenience stores. Defendants are retailers of alcohol, tobacco, smoking accessories, food and beverage products, over-the-counter medications, and other convenience items. Defendants' stores operate under the "Los Compadres" and "Speedy's" trade names.

17. The Los Compadres Defendants, along with Defendant Garcia, are joint employers as defined by the FLSA. The Los Compadres entities, along with Defendant Garcia, work in concert to control the employee-employer relationship and act directly or indirectly in relation to job and pay of Associates including Plaintiffs.

18. Through the entire relevant period, each of the separate entities comprising Los Compadres, through Defendant Garcia, exercised total control as to Plaintiffs' employment status, schedules and conditions of employment, rates, and methods of payment and records.

19. Because each of the separate corporate entities that comprise Los Compadres, along with Defendant Garcia, are joint employers as defined by the FLSA, each of Los Compadres' separate corporate entities and related individuals, namely Defendant Garcia, are jointly and severally liable to Plaintiffs and all other Associates under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs seek to prosecute their FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendants as Associates (or similar title as defined *supra*) in Colorado at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a work week ("Collective").

21. Plaintiffs will fairly and adequately protect the interests of the members of the Collective and have retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiffs have no interest contrary to or in conflict with the members of the Collective.

22. The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs sue on their own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendants' violations of the COMPS Order and the CWA.

24. Plaintiffs bring their Colorado state law claims on behalf of all employees who were employed by Defendants in Colorado as Associates at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Associate (or similar title as defined *supra*) and who were not paid overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including hours in excess

5

of forty (40) in a work week and/or twelve (12) in a work day ("Overtime Class").

25. The members of the Overtime Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are dozens of members of the Overtime Class.

26. Plaintiffs' claims are typical of the claims of the members of the Overtime Class. Plaintiffs performed the same essential job duties as the members of the Overtime Class; Defendants paid Plaintiffs and the members of the Overtime Class pursuant to the same policies and procedures; and Plaintiffs and the members of the Overtime Class were victims of the same wrongful conduct in which Defendants engaged in violation of the COMPS Order and the CWA.

27. The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against corporate defendants like Defendants. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct.

28. Defendants have acted or refused to act on grounds generally applicable to the Overtime Class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the Overtime Class as a whole.

29. Plaintiffs are committed to pursuing this action and have retained competent counsel who are experienced in wage and hour law and class action litigation.

30. Plaintiffs will fairly and adequately protect the interests of the members of the Overtime Class.

31. There are questions of law and fact common to the Overtime Class which predominate over any questions solely affecting the individual members of the Overtime Class, including, but not limited to:

   a. Whether Defendants employed the members of the Overtime Class within the meaning of the COMPS Order and the CWA;

   b. Whether Defendants' policies and practices described within this Complaint are illegal;

   c. Whether Defendants properly paid the members of the Overtime Class for all hours including hours worked above 40 hours in a work week and/or twelve (12) hours in a work day;

   d. Whether Defendants properly tracked and/or calculated the number of overtime hours payable to the members of the Overtime Class based on their work beyond 40 hours in a work week and/or 12 hours in a work day;

   e. What proof of hours worked is sufficient where, as here, Defendants failed in their duty to keep and maintain accurate time records;

   f. Whether Defendants are liable for all damages claimed hereunder.

7

## STATEMENT OF FACTS

32. Defendants operate a chain of convenience stores that sell alcohol, tobacco, smoking accessories, food, non-alcoholic beverages, and other convenience products. Associates follow standardized processes involving well-established techniques and procedures implemented by Defendants, and they work within closely prescribed limits imposed by Defendants. Defendants employ all Associates and establish their pay practices.

33. Defendants purchased alcohol, tobacco, food, and beverage products which were produced and manufactured outside of Colorado and/or purchased from vendors from outside of Colorado which were delivered to Defendants from outside of Colorado to be sold to Colorado customers.

34. Associates are all hourly workers who were paid their straight time hourly rate for all hours worked each pay period including those over 40 in a work week and/or over 12 in a work day.

35. Upon information and belief, Associates were not provided required tax documents (*e.g.*, IRS Form W-4), or Defendants failed to report and process required tax documents to local, state, and federal tax authorities such that Defendants did not classify Associates as bona fide employees.

36. Upon information and belief, Associates were paid all wages in unrecorded and unreported cash.

37. Defendants employed Plaintiffs as Associates in Colorado Springs, Colorado.

38. Plaintiff Caballero began his employment with Defendants in or around July 2023.

39. Plaintiff Aguilar Vargas began his employment with Defendants in or around

8

August 2023.

40. Plaintiffs were both terminated by Defendants on May 30, 2024.

41. As Associates, Plaintiffs performed duties comparable to cashiers and store clerks. Plaintiffs operated the cash registers and executed purchase transactions, stocked shelves, cleaned, greeted customers, and assisted customers with simple inquiries and requests.

42. Plaintiffs, multiple times each day, processed credit card transactions on Defendants' premises with Defendants' credit card processors and registers in conjunction with purchases made by customers at Defendants' stores. Plaintiffs processed credit card transactions used by Defendants' customers who were domiciled outside of Colorado and used credit cards that were connected to banks and financial institutions located outside of Colorado.

43. Plaintiffs were staffed by Defendants across all Los Compadres locations. Plaintiffs, at the direction of Defendants, worked shifts at each of Defendants' convenience store locations over the course of their employment.

44. Plaintiffs were paid $15.60 per hour and paid weekly.

45. Plaintiffs regularly worked more than 50 hours in individual work weeks.

46. Plaintiffs regularly worked more than 12 hours in individual work days. At times, Plaintiffs were assigned double shifts (*e.g.*, 9:00 a.m. to 11:00 p.m. or 12:00 a.m.) that resulted in work days spanning 14 or more hours.

47. Defendants did not implement any time-keeping system for Plaintiffs to record their work hours. Defendants, namely Defendant Garcia, set Plaintiffs' work schedules and recorded work hours. Defendant Garcia determined Plaintiffs' wages based on her views of Plaintiffs' work hours.

48. Plaintiffs received only their straight time hourly rate of pay ($15.60) for all hours worked, including those over 40 in individual work weeks or 12 in a work day.

49. Plaintiffs regularly worked more than 40 hours each week, but Plaintiffs never received overtime pay at one and one-half their regular rates of pay for hours worked over 40 in individual work weeks and/or 12 hours in a work day.

50. At all times during Plaintiffs' employments, they were paid their wages in unrecorded and unreported cash. Each week, Defendants would leave stacks of cash behind the cashier desk for Plaintiffs' weekly wages. Each stack of cash was marked with a note bearing each Plaintiff's name. These notes never included any calculation concerning Plaintiffs' cash wages.

51. Plaintiffs and members of the Collective and Overtime Class were directed by Defendants to strictly adhere to instructions and policies implemented by Defendants.

52. Plaintiffs and members of the Collective and Overtime Class participated and engaged in essential job duties and tasks daily that directly related and contributed to Defendants' primary business of operating convenience stores and generating revenues and profits that benefitted Defendants.

53. Defendants failed to pay overtime wages to members of the Collective and Overtime Class and failed to classify and report them as employees.

54. Plaintiff and all other Associates were employed under identical or substantially similar terms.

55. The common terms of employment for Associates, including the pay practices identified herein, were intentionally and purposefully made identical by Defendants.

56. The uniform and common practices and policies implemented by Defendants,

10

including the job duties and compensation structure, applied to all Associates, including Plaintiffs.

57. Due to the uniform and common policies and practices implemented by Defendants, most, if not all, of the Associates' job duties as described were determined by Defendants.

58. Defendants previously employed Plaintiffs. Defendants continue to employ members of the Collective and Overtime Class as alleged herein.

59. Plaintiffs and members of the Overtime Class were and are entitled to the wage protections afforded by the CWA which apply to timely payment of all earned wages.

60. Defendants have failed to pay Associates, including Plaintiffs, overtime pay. Defendants continue to fail to pay overtime wages to Associates.

61. Defendants failed to implement timekeeping methods for tracking and recording the time Associates spent working.

62. Defendants have a uniform policy and practice to not pay Associates overtime wages for all hours worked in excess of 40 per work week and/or 12 per work day.

63. The common terms of employment for Associates were intentionally and purposefully made identical by Defendants and applied to all members of the Overtime Class.

64. Defendants' violations of the FLSA and CWA are not in good faith. Defendants are, and have been, well aware of their legal obligation to pay overtime compensation to Plaintiffs and members of the Collective and Overtime Class. Defendants' violations of the FLSA and CWA are willful because, among other things, Plaintiffs complained to Defendants about Defendants' failure to pay overtime wages during and after their employments and Defendants failed to take remedial action.

65. Plaintiffs raised numerous complaints concerning overtime pay with Defendants, specifically Defendant Garcia, most recently on May 30, 2024, immediately after Defendants terminated Plaintiffs.

66. Defendants acted in concert to employ Plaintiffs and members of the Collective and Overtime Class.

67. Defendants shared funds used to compensate Plaintiffs and members of the Collective and Overtime Class.

68. Defendants regularly shared employees, including Plaintiffs and members of the Collective and Overtime Class. Defendants treated Plaintiffs and members of the Collective and Overtime Class as one single workforce to be assigned at any Los Compadres convenience store.

69. Defendant Garcia, acting on behalf of all Los Compadres entities, controlled scheduling, work assignments, and duties for all Associates, including Plaintiffs, across all Los Compadres convenience stores.

70. Defendants shared a principal owner and manager in Defendant Garcia.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

71. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

72. At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA.

73. At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

74. At all relevant times, Defendants were and are joint employers concerning Plaintiffs and members of the Collective within the meaning of the FLSA.

12

75. At all relevant times, Defendants, either individually or as joint employers, have had gross annual revenues in excess of $500,000.

76. Plaintiffs consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b). A copy of each Plaintiff's written consent is attached as Exhibit 1.

77. At all relevant times, Defendants have had a uniform policy and practice to not pay Associates overtime compensation for all overtime hours worked at legally mandated rates.

78. As a result of Defendants' failure to properly compensate their employees, including Plaintiffs and the members of the Collective, Defendants have violated, and continue to violate, the FLSA.

79. As joint employers within the meaning of the FLSA, Defendants have a duty to create and maintain accurate records of employee hours. Defendants failed to do so.

80. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective, are entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## COMPS ORDER – CLASS ACTION

82. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

83. At all relevant times, Plaintiffs and the members of the Overtime Class were employed by Defendants within the meaning of the COMPS Order.

84. Because Defendants were, at all relevant times, employers within the meaning of the FLSA, they were also employers within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

85. Defendants violated, and continue to violate, the COMPS Order by failing to pay Associates all overtime compensation to which they are entitled at the legally required rates.

86. Plaintiffs and the members of the Overtime Class are entitled to recover from Defendants overtime compensation at the appropriate premium for all hours worked over 40 in a work week and 12 in a work day, any statutory penalties, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

**THIRD CLAIM FOR RELIEF**
**COLORADO WAGE ACT – CLASS ACTION**

87. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

88. At all relevant times, Plaintiffs and the members of the Overtime Class were employed by Defendants within the meaning of C.R.S. § 8-104-101(5).

89. At all relevant times, Defendants were employers within the meaning of C.R.S. § 8-104-101(6).

90. The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

91. Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiffs and members of the Overtime Class worked in excess of 40 in individual work weeks or 12 in a work day which

required pay at time and one-half their regular hourly rates of pay.

92. Once Plaintiffs and members of the Overtime Class worked hours above 40 in individual work weeks or 12 in individual work days, they earned overtime compensation, although it was not paid. As such, any overtime wages for which Plaintiffs and members of the Overtime Class were not paid were and are "wages" as defined by the CWA and therefore subject to the requirements of the CWA.

93. Plaintiffs and members of the Overtime Class did not receive overtime premiums of one and one-half times their regular rates of pay for hours worked over 40 in individual work weeks or 12 in individual work days.

94. Pursuant to C.R.S. § 8-4-109(3)(b)(I), if an employer fails to pay an employee earned, vested, and determinable wages as set forth by the CWA within fourteen (14) days of service of a civil action, the employee is entitled to a penalty of two times the amount of unpaid wages or compensation.

95. Pursuant to the C.R.S. § 8-4-109(3)(b)(I), if the employee can prove that the employer's failure to pay wages due under the Act was willful, the employee is entitled to a penalty of three times the amount of unpaid wages or compensation.

96. Defendants' failure and refusal to pay earned overtime wages, as demanded herein within the fourteen (14) day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

97. Plaintiffs and members of the Overtime Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

98. Per C.R.S. § 8-4-110, Plaintiffs and members of the Overtime Class are entitled to

attorneys' fees and costs incurred prosecuting claims under the CWA.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other members of the Collective and Overtime Class, request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the members of the Overtime Class and appointing Plaintiffs and their counsel to represent the Overtime Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, COMPS Order, and CWA;

d. An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order and CWA;

e. An award of overtime compensation due under the FLSA and the COMPS Order;

f. An award of unpaid, earned, and vested regular wages under the CWA;

g. An award of liquidated damages and/or statutory penalties under the FLSA and CWA;

h. An award of additional damages and/or statutory penalties under the FLSA and

16

CWA as a result of Defendants' willful failure to pay overtime compensation;

i. An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

j. An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

k. An award of costs and expenses of this action together with attorneys' and expert fees; and

l. Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the Collective and Overtime Class have a right to jury trial.

Respectfully submitted this 5th day of June, 2024.

/s/ *Samuel D. Engelson*
Michael D. Kuhn
Andrew E. Swan
Samuel D. Engelson
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (720) 699-3000
Facsimile: (866) 515-8628
Email: mkuhn@ll.law
aswan@ll.law
sengelson@ll.law

*Attorneys for Plaintiffs*