IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01569-PAB-MDB

TOMAS CABALLERO, on behalf of themselves and all others similarly situated, and
KEVIN AGUILAR VARGAS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

LOS COMPADRES LIQUOR STORE, INC., a Colorado corporation,
LOS COMPADRES LIQUOR STORE LLC, a Colorado limited liability company,
LOS COMPADRES LIQUOR STORE 2 LLC, a Colorado limited liability company,
LOS COMPADRES LIQUOR STORE #2 LLC, a Colorado limited liability company,
LOS COMPADRES SMOKE SHOP LLC, a Colorado limited liability company,
SPEEDY'S SMOKE SHOP #2 LLC, a Colorado limited liability company,
CARMEN GARCIA, individually, and
YESENIA ALFARO, individually,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Plaintiffs' Unopposed Motion and Stipulation for Certification of FLSA Collective Action and Notice to Collective [Docket No. 41]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND

Defendants are "primarily in the business of operating a small chain of convenience stores." Docket No. 37 at 4, ¶ 15. They are "retailers of alcohol, tobacco, smoking accessories, food and beverage products, over-the-counter medications, and other convenience items." *Id.* They operate under the "Los Compadres" and "Speedy's" trade names. *Id.* Los Compadres Liquor Store, Inc., Los Compadres Liquor

Store LLC, Los Compadres Liquor Store 2 LLC, Los Compadres Liquor Store #2 LLC, Los Compadres Smoke Shop LLC, and Speedy's Smoke Shop #2 LLC (collectively, the "Los Compadres defendants") and defendants Carmen Garcia and Yesenia Alfaro are joint employers. *Id.*, ¶ 16. Defendants Garcia and Alfaro are the "owners and managers of Los Compadres entities." *Id.* at 3-4, ¶ 14.

Defendants employed plaintiff Tomas Caballero as a "store clerk[] and/or retail associate[]" ("Associate") from approximately July 2023 until his termination on May 30, 2024. *Id.* at 1, 8, ¶¶ 1, 36, 37, 39. Defendants employed plaintiff Kevin Aguilar Vargas as an Associate from approximately August 2023 until his termination on May 30, 2024. *Id.* at 8, ¶¶ 38-39. Plaintiffs allege that they regularly worked more than 50 hours per work week, *id.* at 9, ¶ 44, and regularly worked more than 12 hours per workday. *Id.*, ¶ 45. At times, plaintiffs allege that they were "assigned double shifts" that resulted in "work days spanning 14 or more hours." *Id.* Plaintiffs claim that they only ever received their "straight time hourly rate of pay" of $15.60 per hour even when they worked over 40 hours during a work week or 12 hours during a workday. *Id.*, ¶ 47. Plaintiffs claim that they never received overtime pay at one and one-half their regular rates of pay. *Id.* at 9-10, ¶ 48.

Plaintiffs' wages were allegedly paid in the form of "unrecorded and unreported cash." *Id.* at 10, ¶ 49. Specifically, plaintiffs allege that defendants would leave "stacks of cash behind the cashier desk for Plaintiffs' weekly wages," and each stack was "marked with a note bearing each Plaintiff's name." *Id.* The note did not include any calculation concerning plaintiffs' wages. *Id.* Plaintiffs allege that defendants have a uniform policy and practice of not paying Associates overtime wages and fail to

2

implement timekeeping methods that record the time Associates spent working. *Id.* at 11, ¶¶ 60-61.

On October 3, 2024, plaintiffs filed their amended complaint against defendants. *See generally id.* Plaintiffs bring a claim for violation of the Fair Labor Standards Act (the "FLSA"), a claim for violation of the Colorado Wage Collection Act (the "CWCA"), as implemented through the Colorado Overtime and Minimum Pay Standards ("COMPS") Order, and a claim for violation of the Colorado Wage Act (the "CWA") for the alleged unpaid overtime compensation. *Id.* at 12-16. Pursuant to the FLSA, plaintiffs further claim that defendants failed to "create and maintain accurate records of employee hours." *Id.* at 13, ¶ 78.

Plaintiffs bring their Colorado state law claims "on behalf of all employees who were employed by Defendants in Colorado as Associates at any time in the last three (3) years . . . who were not paid overtime compensation." *Id.* at 5, ¶ 23. Plaintiffs bring their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). *Id.* at 13, ¶ 75. On October 21, 2024, plaintiffs filed the present motion, requesting that the Court conditionally certify the collective action and approve their proposed Notice to Collective (the "Notice"). Docket No. 41.

## II. LEGAL STANDARDS

### A. Conditional Certification

Title 29 U.S.C. § 216(b) of the FLSA, which provides in pertinent part:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages . . . An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal . . . court of competent

3

> jurisdiction by any one or more employees *for and in behalf of himself or themselves and other employees similarly situated*.

29 U.S.C. § 216(b) (emphasis added).  There is a two-step approach for determining whether plaintiffs are "similarly situated" for purposes of FLSA collective action certification.  *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).[1]  A court's initial certification comes at the notice stage, where courts determine whether plaintiffs are similarly situated for purposes of sending notice to putative class members.  *Id.* at 1102.  Plaintiff is required to provide "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."  *Id.*; *see also Stransky v. HealthONE of Denver, Inc.*, No. 11-cv-02888-WJM-MJW, 2012 WL 6548108, at *4 (D. Colo. Dec. 14, 2012).  This is a "lenient" standard, *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class."  *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).  The second stage, which comes at the conclusion of discovery, applies a stricter standard of "similarly situated," including application of at least four factors, to determine whether the case can proceed as a collective action.  *Thiessen*, 267 F.3d at 1102-03.

### B. Notice to Conditional Class

Once the Court concludes that conditional certification of an FLSA collective action is appropriate, the Court may authorize plaintiff to disseminate a proper notice

---

[1] *Thiessen* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  Because the ADEA adopts the collective action mechanism set forth in FLSA § 216(b), courts apply *Thiessen* to FLSA collective actions.  *See Kaiser v. At The Beach, Inc.*, 2010 WL 5114729, at *4 n.9 (N.D. Okla. Dec. 9, 2010); *see also Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004).

4

and opt-in consent form to putative class members. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989); *see also* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). The Court has broad discretion regarding the details of the notice sent to potential opt-in plaintiffs. *Hoffman-LaRoche*, 493 U.S. at 171. "The overarching policies of the FLSA's collective suit provisions require that the proposed notice provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (internal citations and quotations omitted).

### III. ANALYSIS

#### A. Equitable Tolling

After plaintiffs filed their motion for conditional certification of the collective, they filed a motion to toll the statutes of limitations for "absent putative class members from October 21, 2024," which is the date that plaintiffs filed their motion for certification, through the end of the opt-in period. Docket No. 54 at 4, ¶ 14. Defendants do not oppose plaintiffs' motion for tolling. Docket No. 55 at 1, ¶ 2.

In civil actions, the Tenth Circuit "has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights." *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (internal quotation, alteration, and

5

citation omitted).  In making an equitable tolling determination, courts employ a flexible standard and consider five factors, including the lack of notice of the filing requirement, lack of constructive knowledge of the filing requirement, diligence in pursuing one's rights, absence of prejudice to the defendant, and the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (10th Cir. 2000).

Courts in this district have reached different conclusions about the propriety of tolling the statute of limitations in FLSA collective action cases from the date that the motion for conditional certification was filed.  For instance, in *Brayman v. KeyPoint Government Solutions, Inc.*, No. 18-cv-0550-WJM-NRN, 2019 WL 3714773, at *9 (D. Colo. Aug. 7, 2019), the court relied on the principle that equitable tolling was appropriate in circumstances where "the information needed for the named plaintiff to inform other employees of their opportunity to opt in is largely in the defendant's hands."  *Brayman* also considered that the named plaintiff "moved quickly for conditional certification."  *Id.*; *see also Stransky v. HealthONE of Denver*, Inc., 868 F. Supp. 2d 1178, 1181-82 (D. Colo. 2012) (finding that "allowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust" because "notice was not possible here as Defendant is in sole possession of the names and last known physical addresses of all potential Opt-in Plaintiffs").  On the other hand, other courts, including this one, have found that "potential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment with [defendant], and it is those facts and circumstances that allegedly form the basis of each plaintiff's FLSA claim against [defendant]," such that any delay in providing notice to potential opt-in

6

plaintiffs does not warrant equitable tolling.  *Young v. Dollar Tree Stores, Inc.*, No. 11-cv-1840-REB-MJW, 2013 WL 1223613, at *2 (D. Colo. Mar. 25, 2013); *see e.g.*, *Kibler v. Kroger Companies,* No. 21-cv-00509-PAB-KMT, 2022 WL 268056, at *6 (D. Colo. Jan. 28, 2022); *Rapp v. HV Occupational Health Advisors of Am., LLC*, No. 20-cv-02043-PAB-KMT, 2021 WL 4426956, at *4 (D. Colo. Sept. 27, 2021); *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-cv-00327-RM-STV, 2018 WL 4383037, at *10 (D. Colo. July 30, 2018), *report and recommendation adopted*, 2018 WL 7142193 (D. Colo. Dec. 4, 2018).

The Court finds that equitable tolling is warranted in this case.  Plaintiffs move for equitable tolling based on the delay in certifying the conditional collective and providing notice.  *See* Docket No. 54 at 4-6, ¶¶ 13-18.  It is true that, "[g]enerally, the delay between the filing of a complaint and notice to potential opt-in plaintiffs, so long as it [is] limited to litigation in its normal course, is not a basis upon which equitable tolling properly may be used to toll the statute of limitations."  *Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *3 (D. Colo. Mar. 4, 2016).  However, the Court finds that delay has not been attributable to the normal course of litigation.  As plaintiffs note, on February 10, 2025, defense counsel filed a motion to withdraw, Docket No. 54 at 2, ¶ 4; *see also* Docket No. 43, which was referred to the magistrate judge.  Docket No. 44.  On March 10, 2025, the magistrate judge held a hearing on the motion to withdraw and held the motion in abeyance until the entry of new defense counsel.  Docket No. 46 at 1.  On April 7, 2025, the magistrate judge ordered defendants to file a status report regarding the appearance of new counsel.  Docket No. 47.  When defendants failed to comply with the deadline, the magistrate judge issued an order to show cause why she should not recommend the case be dismissed

pursuant to Fed. R. Civ. P. 16(f).  Docket No. 48 at 2.  On May 9, 2025, defendants responded to the order to show cause, Docket No. 49, and the magistrate judge ordered new defense counsel to enter an appearance on or before June 2, 2025.  Docket No. 50.  New defense counsel entered his appearance on May 30, 2025.  Docket No. 56.

Given this delay in retaining new defense counsel, and that defendants do not oppose equitable tolling from the date that the motion for collective certification was filed, the Court will grant plaintiffs' motion to toll the statutes of limitations from October 21, 2024.  See Collins, 2016 WL 852880, at *3 (tolling the statute of limitations in FLSA action where the "court has agreed to stay this action pending a ruling on Defendants' Motion to Dismiss" and defendants "do not oppose Plaintiff's request for equitable tolling under these circumstances").

### B. Motion for Conditional Certification of the Collective

Plaintiffs move to conditionally certify the following class:

> All store clerks and/or retail associates ("Associates") holding comparable positions with different titles employed by Defendants and paid on an hourly basis in Colorado from June 5, 2021 to present, plus any period of tolling.

Docket No. 41 at 3, ¶ 6.

The Court finds that plaintiffs have provided substantial allegations that the putative class members are similarly situated.  See Thiessen, 267 F.3d at 1102-03. Plaintiffs claim that defendants had a "uniform policy and practice to not pay Associates overtime wages for all hours worked in excess of 40 per work week and/or 12 per work day."  Docket No. 37 at 11, ¶ 61.  They state that the "uniform and common practices and policies implemented by Defendants, including the job duties and compensation

8

structure, applied to all Associates, including Plaintiffs." *Id.* at 10, ¶ 55.  Plaintiffs claim that they and other Associates "were paid their straight time hourly rate for all hours worked each pay period including those over 40 in a work week and/or over 12 in a work day," in the form of "unrecorded and unreported cash."  *Id.* at 8, ¶¶ 33, 35.  *See Renfro*, 243 F.R.D. at 433-34 ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.").  Plaintiffs assert that the "members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA."  Docket No. 37 at 5, ¶ 21.

Accordingly, the Court conditionally certifies a collective action consisting of the following:

> All store clerks and/or retail associates ("Associates") holding comparable positions with different titles employed by Defendants and paid on an hourly basis in Colorado from June 5, 2021 to present.

The Court finds that the proposed Notice appears to contain most of the necessary information.  Docket No. 41-3.  The Notice informs putative class members of the parties involved, the parties' general allegations, information about the collective action designation, and how to opt in.  *See id*. at 1-4.  In addition, the Notice provides that opt-in plaintiffs must return consent forms to plaintiffs' counsel within 45 days from the date of mailing of the Notice.  *Id.* at 2.

While the Notice explains that opt-in plaintiffs will be bound by any judgment or settlement that is rendered, it does not explain that opt-in plaintiffs may be required to

9

provide information, appear for a deposition, or testify. *See Salomon v. Adderley Indus., Inc.*, 847 F. Supp. 2d 561, 566-67 (S.D.N.Y. 2012) (directing "the Plaintiffs to add a provision explaining the possibility that opt-in plaintiffs may be required to provide information, appear for a deposition, and/or testify"); *Luque v. AT&T Corp.*, 2010 WL 4807088, at *7 (N.D. Cal. Nov. 19, 2010) ("[I]t is appropriate to include a statement that class members might 'be required to provide information,' and so the Court adds such a statement to the Notice."). As a result, plaintiffs' counsel shall add the following language to the section of the Notice entitled "Effect of Joining the Lawsuit:"

> While this suit is pending you may be required to submit documents and written answers to questions or to testify under oath at a deposition, hearing, or trial.

The Notice defines the collective differently than plaintiffs do in their motion, regarding the date of employment of the collective members. The Notice defines the collective as the following:

> If you were employed at a Los Compadres or Speedy's convenience store as an hourly store clerk or associate in Colorado since **June 5, 2024**, you are eligible to be Noticed of your right to participate in this Lawsuit known as *Caballero, et al. v. Los Compadres Liquor Store, Inc., et al*.

Docket No. 41-3 at 1 (emphasis added). Furthermore, the emails and text messages that plaintiffs propose sending to alert collective members of the Notice contain different dates. The proposed email states, in relevant part:

> If you worked at a Los Compadres Liquor or Speedy's convenience store as an hourly store clerk or associate in Colorado any time since **June 5**, you are eligible to be Noticed of your right to participate in this Lawsuit.

Docket No. 41-2 at 1 (emphasis added). The proposed text message states, in relevant part:

10

> The Federal Court authorized sending this Notice to you because records show you worked for Los Compadres or Speedy's in Colorado at some point since **June 5, 2021**.

*Id*. at 2 (emphasis added). Plaintiffs propose sending a second text that again includes an inconsistent date and refers to Speedy's Smoke Shop rather than Speedy's convenience store:

> If you worked at a Los Compadres Liquor Store or Speedy's Smoke Shop (collectively, "Los Compadres") as either an hourly store clerk or associate in Colorado any time since **June 5**, you are eligible to be Noticed of your right to participate in this Lawsuit.

*Id.* at 3 (emphasis added). Accordingly, the Court will approve the Notice, with the modifications that the Notice, and any communications sent to collective members, accord with the definition of the certified collective as follows:

> The Notice will state the following:
>
>> If you were employed at a Los Compadres or Speedy's convenience store as an hourly store clerk or associate in Colorado **from June 5, 2021 to present**, you are eligible to be Noticed of your right to participate in this Lawsuit known as *Caballero, et al. v. Los Compadres Liquor Store, Inc., et al*.
>
> The email communication will state the following:
>
>> If you worked at a Los Compadres Liquor or Speedy's convenience store as an hourly store clerk or associate in Colorado **from June 5, 2021 to present**, you are eligible to be Noticed of your right to participate in this Lawsuit.
>
> The first text message communication will state the following:
>
>> The Federal Court authorized sending this Notice to you because records show you worked for Los Compadres or Speedy's in Colorado **from June 5, 2021 to present.**
>
> The second text message communication will state the following:
>
>> If you worked at a Los Compadres Liquor Store or **Speedy's convenience store** as either an hourly store clerk or associate in

11

Colorado **from June 5, 2021 to present** you are eligible to be Noticed of your right to participate in this Lawsuit.

Furthermore, any reference to "Chief Judge Phillip A. Brimmer," which is misspelled, shall be corrected to "Chief Judge Philip A. Brimmer." *See*, *e.g.*, Docket No. 41-2 at 3. The reference to "Sam's Club", Docket No. 41-2 at 3, shall be corrected to refer to the correct defendants.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiffs' Motion to Toll Statutes of Limitations [Docket No. 54] is **GRANTED**. It is further

**ORDERED** that the statute of limitations on plaintiffs' claims shall be equitably tolled from October 21, 2024. It is further

**ORDERED** that Plaintiffs' Unopposed Motion and Stipulation for Certification of FLSA Collective Action and Notice to Collective [Docket No. 41] is **GRANTED in part**. It is further

**ORDERED** that this action shall be conditionally certified as a collective action pursuant to 20 U.S.C. § 216(b). The collective members are defined as follows:

> All store clerks and/or retail associates ("Associates") holding comparable positions with different titles employed by Defendants and paid on an hourly basis in Colorado from June 5, 2021 to present.

It is further

**ORDERED** that Tomas Caballero and Kevin Aguilar Vargas are authorized to act as the representatives for the collective action members, and that Leventhal Lewis Kuhn Taylor Swan, PC is authorized to act as counsel for the collective. It is further

**ORDERED** that the proposed Notice [Docket No. 41-3] and proposed text message and email notifications [Docket No. 41-2] are approved subject to plaintiffs making the revisions discussed herein. It is further

**ORDERED** that the parties shall comply with the Notice Plan and Opt-In Schedule [Docket No. 41-1].

DATED June 16, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

13